IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOUGLAS K. SHAFFER, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) Civil Action No. 17-54 ) |
| NANCY A. BERRYHILL,[1] COMMISSIONER OF SOCIAL SECURITY, | ) ) ) ) |
| Defendant. | ) |

AMBROSE, Senior District Judge

# **OPINION**

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 13 and 15). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 14 and 16). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting in part and denying in part Plaintiff's Motion for Summary Judgment (ECF No. 13) and granting in part and denying in part Defendant's Motion for Summary Judgment. (ECF No. 15).

**I.     BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying his application for disability insurance pursuant to the Social Security Act. Plaintiff filed his applications alleging disability since January 1, 2014. (ECF No. 10-7, p. 2). Administrative Law Judge ("ALJ"), Randy Riley, held two hearing: one on April 21, 2016 (ECF No. 10-3) and one September 27, 2016. (ECF No. 10-2, pp. 29-41). On October 26, 2016, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 10-2, 13-23).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 13 and 15).

---
[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

The issues are now ripe for review.

## II.    LEGAL ANALYSIS

### A.    Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the

impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B.    Residual Functional Capacity ("RFC ")[2]

Plaintiff argues that the ALJ's RFC is not supported by substantial evidence.[3] (ECF No. 12, pp. 12-17). Specifically, Plaintiff takes issue with the weighing of the opinion evidence. *Id.* The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations,

---

[2]RFC refers to the most a claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a).

[3]The ALJ found that Plaintiff has the RFC to perform medium work but with certain limitations. (ECF No. 10-2, pp. 18-22).

such as consultative examinations or brief hospitalizations." *Id.* §416.927(c)(2). The opinion of a treating physician need not be viewed uncritically, however. Rather, only where an ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," must he give that opinion controlling weight. *Id.* "[T]he more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

4

In this regard, Plaintiff first argues that the "ALJ failed to follow the treating physician rule and provide 'good reasons' for discounting the treating physician's opinion." (ECF No. 14, pp. 11-14). After a review of the record, I disagree. An ALJ is not required to accept the treating physician's opinion uncritically. Rather, the ALJ must weigh all of the evidence of the record as set forth above. In this case, that is exactly what the ALJ did. (ECF No. 10-2, pp. 13-23). The ALJ considered the mental and physical medical source statements from Dr. Struminger, Plaintiff's treating physician. (ECF No. 10-2, p. 21). The ALJ discounted Dr. Stuminger's mental and physical source statements for valid and acceptable reasons. *See,* 20 C.F.R. §§404.1527; 416.927 (Evaluating Opinion Evidence). While there may be evidence that supports the position of Plaintiff, which he points out, the standard of review is not whether there is evidence to support Plaintiff's position. The standard is whether there is substantial evidence to support the ALJ's finding. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Thus, I find no error with this issue.

Plaintiff's second argument is that the "ALJ erroneously gave 'great weight' to the consultative examiner[s], State agency psychological consultant, and medical examiner." (ECF No. 14, pp. 14-17). In support of this argument, Plaintiff first suggests that all of these opinions were based on incomplete medical records and/or were stale. *Id.,* at p. 14. An ALJ is entitled to rely upon the findings of an evaluator even if there is a lapse of time. *Chandler v. Comm'r of Soc. Sec.,* 667 F.3d 356, 361 (3d Cir. 2012)("The Social Security regulations impose no limit on how much time may pass between a report and the ALJ's decision in reliance on it. Only where 'additional medical evidence is received that in the opinion of the [ALJ] ... may change the State agency medical ... consultant's finding that the impairment(s) is not equivalent in severity to any impairment in the Listing,' is an update to the report required. SSR 96–6p.).

In this case, at the time of his determination, the opinions of the doctors listed above were old. That, in and of itself, is not an issue. *See, Chandler,* 667 F.3d at 361. What is troubling, however, is that there appears to be additional medical evidence suggesting a

5

deterioration of Plaintiff's condition (*e.g.* diagnosis of diabetic neuropathy in March of 2015) that may change the mind of the medical expert that testified at the hearing. *See,* ECF No. 10-2, pp. 33-36. "[O]ther courts have been disinclined to uphold the denial of benefits when the ALJ relied upon an outdated report of a non-treating physician [where] there was evidence on the record that the claimant's condition deteriorated after the report was prepared." *Link v. Soc. Sec. Disability*, No. 13-812, 2014 WL 3778320, at *11 (W.D. Pa. July 30, 2014), *citing, Griffies v. Astrue,* 855 F.Supp.2d 257 (D.Del.2012) (recognizing that non-treating sources should be 'evaluated to the degree to which these opinions consider all of the pertinent evidence in [the] claim.') and *Foley v. Barnhart,* 432 F.Supp.2d 465 (M.D.Pa. 2005); *Nolan v. Astrue,* No. 10-1639, 2011 WL 3651152, at *19 (W.D. Pa. Aug. 18, 2011), *citing Cadillac v. Barnhart,* 84 Fed. Appx. 163, 168-69 (3d Cir. 2003). Based on the above, I cannot find the ALJ's opinion is based on substantial evidence and remand is warranted.

Plaintiff also suggests that the ALJ erred in giving Dr. Long's opinion great weight but then not incorporating all of the limitations identified by Dr. Long in the RFC. (ECF No. 14, pp. 15-17). While the ALJ need only discuss the most pertinent, relevant evidence bearing upon a claimant's disability status, he must provide sufficient discussion to allow the court to determine whether any rejection of potentially pertinent, relevant evidence was proper. *Johnson v. Comm'r of SS,* 529 F.3d 198, 203-04 (3d Cir. 2008)). In this case, the ALJ gave great weight to the opinion of Dr. Long. (ECF No. 10-2, p. 20). He did not, however, incorporate all of Dr. Long's limitations. For example, the ALJ failed to discuss Dr. Long's opinion that Plaintiff can only occasionally climb stairs/ramps, balance, stoop, kneel, crouch, and crawl, but can never climb ladders/scaffolds. *Compare* ECF No. 10-2, p. 20 *with* No. 10-10, pp. 38-43. Thus, while it appears as though the ALJ gave great weight to some of Dr. Long's limitations in determining Plaintiff's residual functional capacity, he did not mention or explain his decision for rejecting or failing to include other limitations. *Id.* "Although the ALJ 'may properly accept some parts of the medical evidence and reject other parts ... (s)he must consider all of the evidence and give

some reason for discounting the evidence (s)he rejects.'" *See Lanza v. Astrue,* No. 08-301, 2009 WL 1147911, at *7 (W.D. Pa. April 28, 2009), *quoting Colon v. Barnhart,* 424 F.Supp.2d 805, 812 (E.D. Pa 2006). "'In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored.'" *Burnett v. Comm'r of SS,* 220 F.3d 112, 121-22 (3d Cir. 2000)*, quoting Cotter v. Harris,* 642 F.2d 700, 705 (3d Cir. 1981). The failure to discuss this probative and relevant medical evidence prohibits me from conducting a proper and meaningful review. Therefore, I find the ALJ erred in this regard. Consequently, remand is warranted on this basis as well.

Plaintiff also suggests the ALJ erred in giving Dr. Murphy's opinion that Plaintiff has moderate limitations maintaining concentration, persistence or pace but then failing to incorporate that limitation into the RFC. (ECF No. 14, p. 17). Here, the ALJ's RFC restricts Plaintiff to simple, routine, repetitive tasks. (ECF No. 10-2, p. 18). Such restrictions have repeatedly been found sufficient to accommodate limitations in concentration, persistence, and pace by the Third Circuit. *See, e.g., McDonald v. Astrue,* 293 F. App'x 941, 946-47 (3d Cir. 2008); *Menkes v. Astrue,* 262 F. App'x 410, 412 (3d Cir. 2008) ("The term 'simple routine tasks,' in the context of the disability proceedings, generally refers to the non-exertional or mental aspects of work. For example, performing a 'simple routine task' typically involves low stress level work that does not require maintaining sustained concentration.... Having previously acknowledged that Menkes suffered moderate limitations in concentration, persistence and pace, the ALJ also accounted for these mental limitations in the hypothetical question by restricting the type of work to 'simple routine tasks.' "); *Watson v. Colvin,* No. 12-552, 2013 WL 5295708, *5 (W.D.Pa. Sept. 18, 2013)("restriction to simple, routine tasks accounted for the claimant's moderate limitations in concentration, persistence and pace"); *Polardino v. Colvin,* No. 12–806, 2013 WL 4498981, *3 (W.D.Pa. Aug. 19, 2013) ("The Third Circuit Court of Appeals has determined that a limitation to simple, routine tasks sufficiently accounts for a

claimant's moderate limitations in concentration, persistence and pace."). Consequently, I find no error on this particular issue.

### C. Listings 12.04 and 12.06[4]

Plaintiff contends that the ALJ erred in determining that Plaintiff did not meet or equal an impairment listing. (ECF No. 14, pp. 17-19). In step three of the analysis set forth above, the ALJ must determine if the claimant's impairment meets or is equal to one of the impairments listed in 20 C.F.R., Pt. 404, Subpt. P, Appx. 1. *Jesurum v. v. Secretary of Health and Human Services*, 48 F.3d 114, 117 (3d Cir. 1995). This step is designed to streamline the decision-making process by identifying those whose impairments are so severe that they are presumed disabled. 20 C.F.R. §404.1525(a). Thus, an applicant is *per se* disabled if the impairment is equivalent to a listed impairment and, thus, no further analysis is necessary. *Burnett v. Commissioner,* 220 F.3d 112, 119 (3d Cir. 2000). The Third Circuit has held that:

> Putting the responsibility on the ALJ to identify the relevant listed impairment(s) is consistent with the nature of Social Security disability proceedings which are "inquisitorial rather than adversarial" and in which "[i]t is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits."

*Burnett,* 220 F.3d at 120, n. 2 (quoting *Sims v. Apfel,* 530 U.S. 103 (2000)).

Plaintiff asserts that the ALJ erred in finding that Plaintiff does not meet "paragraph B" criteria for either Listing 12.04 (Affect Disorders) or 12.06 (anxiety related disorders). (ECF No. 14, pp. 17-19; ECF No. 10-2, p. 17). To satisfy the "paragraph B" criteria, the mental impairments must result in two of the following: 1) marked restriction of activities of daily living; or 2) marked difficulties in maintaining social functioning; or 3) marked difficulties in maintaining concentration, persistence, or pace; or 4) repeated episodes of decompensation, each of extended duration. 20 C.F.R. Pt. 404, Subpt. P, Appx.1 Listings 12.04 and 12.06. In this case, the ALJ determined that Plaintiff did not satisfy the paragraph B criteria finding that Plaintiff had

---

[4] The Agency issued new regulations that changed the requirements of Listings 12.04 and 12.06. 81 Fed. Reg. 66137-78 (Sept. 26, 2016). These new changes are effective January 17, 2017, a date after the ALJ's opinion in this case. As a result, the new regulations will not be applied in this case.

8

only mild restrictions in both activities of daily living and social functioning, moderate difficulties with regard to concentration, persistence or pace and no episodes of decompensation, which have been of extended duration. (ECF No. 10-2, p. 17-18). In so doing, I find the ALJ properly relied on the state agency mental assessment, Plaintiff's subjective complaints and objective medical evidence. (ECF No. 10-2, p. 17). Since I am remanding this case, however, all issues of this case will be considered again, *de novo.*

       An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DOUGLAS K. SHAFFER, )
　)
　　Plaintiff, )
　)
　-vs- ) Civil Action No. 17-54
　)
NANCY A. BERRYHILL,[5] )
COMMISSIONER OF SOCIAL SECURITY, )
　)
　　Defendant. )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 26th day of April, 2018, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 13) is granted in part and denied in part and Defendant's Motion for Summary Judgment (Docket No. 15) is granted in part and denied in part.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

　　　　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　s/ Donetta W. Ambrose
　　　　　　　　　　　　　Donetta W. Ambrose
　　　　　　　　　　　　　United States Senior District Judge

---

[5] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.